IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF EDUCATION OF CRETE-MONEE COMMUNITY UNIT SCHOOL DISTRICT NO. 201-U, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 4060 |
| v. | ) ) | Judge Robert W. Gettleman |
| GARY DEFRANCESCO and FUNDING CONNECTION, INC., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Board of Education of Crete-Monee Community Unit School District No. 201-U (the "Board"), has sued defendants Gary DeFrancesco ("DeFrancesco") and Funding Connection, Inc. ("Funding Connection") alleging: breach of contract (Count I); breach of good faith and fair dealing (Count II); conversion (Count III); and fraud in the inducement (Count IV). Defendants have answered Counts I and II and filed a motion to dismiss Counts III and IV of plaintiff's complaint pursuant to Fed. R. Civ. P 12(b)(6). For the reasons discussed below, defendants' motion is granted.

**FACTS**

For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inference in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). Funding Connection is in the business of implementing comprehensive fundraising plans for school districts and other non-profit agencies. DeFrancesco was at all times relevant hereto the president of Funding Connection. In October 2004, the Board entered into an agreement with Funding Connection

under which, among other things, Funding Connection would prepare comprehensive fundraising plans and monitor all available state and local funding opportunities on behalf of plaintiff. Funding Connection guaranteed that a minimum of $10,240,000 would be paid or pledged to the Board by the end of the agreement. The Board paid $240,000 in monthly installments of $10,000 over the course of the two year agreement.

## DISCUSSION

Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1964-65. While this "does not require heightened fact pleading specifics," it does call for the complaint to contain "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

*Count III*

In Count III of the complaint, the Board seeks recovery under the tort of conversion. To show conversion under Illinois law the Board must show: (1) an unauthorized and wrongful assumption of control, dominion or ownership by a person over the chattels of another; (2) a right in the property; (3) a right to immediate possession of the property; and (4) a demand for

2

possession.[1] *Sutherland v. O'Malley*, 882 F.2d 1196, 1200 (7th Cir. 1989) citing *Mid-America Fire & Marine Ins. Co. v. Middleton*, 127 Ill.App.3d 887, 468 N.E.2d 1335, 1338 (4th Dist. 1984); *General Motors Corp. v. Douglass*, 206 Ill.App.3d 881, 886 (1st Dist. 1990).

Funding Connection argues that the Board fails to state a claim for conversion because under Illinois law conversion actions do not apply when the plaintiff has simply alleged that a defendant owes a general debt or obligation to plaintiff. *General Motors* at 886; *Mijatovich v. Columbia Savings & Loan Assoc.*, 168 Ill.App.3d 313, 316 (1st Dist. 1988). The Board counters by arguing that an action for conversion of money is proper where the money can be described and identified. *Bill Marek's The Competitive Edge v. Mickelson Group, Inc.*, 346 Ill.App.3d 996, 1003, 806 N.E.2d 280, 285 (2nd Dist. 2004). They also state that courts have held that money is identifiable when the claim is for a specific and determinate amount. *Roderick Development Investment Company, Inc. v. Community Bank of Edgewater*, Inc., 282 Ill.App.3d 1052, 1060 (1st Dist. 1996).

The Board's reliance on *Bill Marek* and *Roderick Development Investment Company, Inc.* is misleading. In both cases the court cited the holding in *General Motors*, that allegations of a defendant owing a general debt or obligation to the plaintiff are insufficient to sustain a cause of action for conversion. *Id* at 888. In the cases cited by plaintiff, the court found the facts to be distinguishable because the defendant had received the money from a third party, rather than voluntarily from the plaintiff as in *General Motors*. The Board's situation sits in sharp contrast to *Bill Marek* and *Roderick Development*. In the instant case, Funding Connection did not receive its money from a third party and, in fact, received the money voluntarily from the

---

[1]The parties do not dispute that Illinois law is applicable in this case.

Board. Due to the voluntary nature of this transfer there is no unauthorized and wrongful assumption of the Board's chattel, and therefore plaintiff has failed to state a cause of action for conversion.

*Count IV*

In Count IV of the complaint the Board alleges fraud in the inducement on the part of DeFrancesco. To state a claim for fraud, a plaintiff must allege: (1) a false statement of material fact; (2) the statement was known or believed to be false by the party making it; (3) the statement was made to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. *Prime Leasing, Inc. v. Kendig*, 332 Ill.App.3d 300, 309 (1st Dist. 2002). Rule 9(b) of the Fed. R. Civ. P. requires that a plaintiff "state with particularity" any "circumstances constituting fraud." The who, what, when, where, and how of the alleged fraud must be alleged. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The Board argues that it has met the requirements in the complaint by stating that: (1) DeFrancesco made false representations of material facts; (2) these representations were made during the course of contract negotiations; (3) the contract was agreed to in October of 2004; (4) they relied on these false representations when entering into the agreement and paid Funding Connection sums of money; and (5) all of the transactions took place in Will County, Illinois.

The Board's contention that it has met the requirements of Rule 9(b) is incorrect because the Board has failed to identify to whom the false statements were made and the nature of the material misrepresentations alleged. Nor has the Board identified the manner in which the alleged fraudulent statements were made.

Additionally, to support a claim of fraud, the alleged misrepresentations must be statements of present or preexisting fact, and promises or statements of future intent or conduct (promissory fraud) are not actionable. *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993); *see also Ault v. C.C. Services, Inc.*, 232 Ill.App.3d 269, 271 (3rd Dist. 1992); *Bank of Lincolnwood v. Comdisco*, 111 Ill.App.3d 822, 828 (1st Dist. 1982). An exception to promissory fraud exists if "the promise is 'the scheme to accomplish a fraud.'" *Id*. The exception is, however, a narrow one, and "promissory fraud is a disfavored cause of action in Illinois because fraud is easy to allege and difficult to prove or disprove." *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). A high burden is placed on the plaintiff, and "in order to survive the pleading stage, a claimant must be able to point to specific objective manifestations of fraudulent intent—a scheme or device. If he cannot, it is in effect presumed he cannot prove facts entitling him to relief." *Id*.

The Board's allegations are conclusory and neither reach the level of specificity required under the Fed. R. Civ. P. 9(b) to state a claim for fraud in the inducement, nor reach the even higher standard necessary to qualify under the promissory fraud exception.

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss Counts III and IV of plaintiff's amended complaint is granted. Plaintiff is granted leave to file an amendment to the complaint as it pertains to Count IV, by May 1, 2009.

**ENTER:**   April 21, 2009

_____
**Robert W. Gettleman**
**United States District Judge**

5